IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Shane Hardyman, | : | |
| Plaintiff | : | Civil Action 2:14-cv-2011 |
| v. | : | Judge Smith |
| Lisa Bethel, HCA, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Shane Hardyman, brings this prisoner civil rights action under 42 U.S.C. §1983 alleging that defendants refused to provide him with a previously prescribed drug, Ativan, while he was incarcerated at the Ross Correctional Institution ("RCI").  This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify

---

[1]The full text of §1915A reads:

(a) Screening.--The court shall review, before dock-eting, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who

cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to state a claim against defendant Lisa Bethel and fails to provide defendant Dr. Green with fair notice of the claim pleaded against him. Further, the Ohio Department of Rehabilitation and Correction is immune from suit. For these reasons, the Magistrate Judge **RECOMMENDS** dismissal of the complaint.

The complaint contains the following allegations. At the North Central Correctional Institution, plaintiff Shane Hardyman experienced chest pains. A specialist recommended that his medicine for anxiety be changed. A stress test revealed abnormality. Ativan was prescribed for anxiety and chest pain.

In September 2012, Hardyman was transferred to RCI. There the "medical staff (defendants) instantly discontinued Plaintiff's medication." (Complaint, ¶ 11, Doc. 1, PageID 2.) When Hardyman tried to explain why he believed he needed Ativan, "he was threatened with being placed in the segregation unit (the hole) if he did not 'shut up.'" (*Id.*) Named as defendants are Lisa Bethel, HCA, Dr. Green, a prison physician, and the Ohio Department of Rehabilitation and Correction.

---

is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The United States Supreme Court held in *Erickson v. Pardus*, 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed.  *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly*, 550 U.S. at 570." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

The complaint does not allege what actions the individual defendants took to deprive plaintiff of a constitutional right, nor does it allege the date(s) on which they took those actions. Thus, it fails to give them fair notice of the claims pleaded against them. Further, defendant Lisa Bethel is a Health Care Administrator. She is not a treator. There is no allegation that she was responsible for prescribing medication.

As to Dr. Green, there is no allegation when he saw Hardyman, what medications he prescribed, if any, for his alleged anxiety and heart condition, and what other actions, if any, he took to deprive plaintiff of a constitutional right. Moreover, The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To demonstrate an Eighth Amendment depriva-

3

tion, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs.  There is both an objective and a subjective component to a cruel and unusual punishment claim.  *Quigley v. Thai,* 707 F.3d 675, 681 (6th Cir. 2013); *Scott v. Ambani,* 577 F.3d 642, 648 (6th Cir. 2009).  The objective component requires a plaintiff to demonstrate that the medical need was "sufficiently serious." *Brennan v. Farmer,* 511 U.S. 825, 834 (1994). That is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

To meet the subjective component, a complaint must plead "facts which show that the prison official had a 'sufficiently culpable state of mind.' [*Brennan v.*] *Farmer,* 511 U.S. [825, 834 [(1994)]; *Comstock* [*v. McCrary,* 273 F.3d 693], 834 [(6th Cir. 2001)." Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Mere negligence does not constitute deliberate indifference.  *See, Estelle*, 429 U.S. at 106.  Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment.  *Estelle,* 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Here the complaint does not plead sufficient facts to determine whether Dr. Green acted with deliberate indifference to a serious medical need or whether, instead, plaintiff

4

merely disagrees with the course of treatment the doctor chose.

The Ohio Department of Rehabilitation and Correction is not a "person" within the meaning of 42 U.S.C. § 1983 and, further, as an arm of the State of Ohio, it is entitled to sovereign immunity from suit. *Will v. Michigan Department of State Police,* 491 U.S. 58, 65-66 (1989); *Foulks v. Ohio Department of Rehabilitation and Correction*, 713 F.2d 1229, 1232 (6th Cir. 1983).

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** because it fails to state a claim against defendant Lisa Bethel and fails to provide defendant Dr. Green with fair notice of the claim pleaded against him. Further, the Ohio Department of Rehabilitation and Correction is immune from suit.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH 43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recom-

mendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Service*s, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge